# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EVELYN SETTLES, individually and on behalf of all others similarly situated, ) ) ) | No.: 2:20-cv-02635-TLP-tmp |
| Plaintiff, ) ) ) | |
| ) ) | Judge Parker  Magistrate Judge Pham |
| vs. ) ) | |
| AMERICAN HEALTH COMPANIES, ) INC., and HARBOR VIEW NURSING ) AND REHABILITATION CENTER, INC. ) ) | JURY DEMAND |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR COURT ORDER APPROVING CASE RESOLUTION

Plaintiff, Evelyn Settles ("Plaintiff"), and Defendants, American Health Companies, Inc., and Harborview Nursing and Rehabilitation Center, Inc. ("Defendants"), jointly move this Court for an Order approving the resolution of the Plaintiff's Fair Labor Standards Act ("FLSA") claims.

### Factual and Procedural History

Plaintiff Evelyn Settles filed this lawsuit in the United States District Court for the Western District of Tennessee on August 21, 2020, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") (D.E. 1.; D.E. 14). As it pertains to the FLSA, in the Complaint, Plaintiff Settles alleged that Defendants failed to properly compensate her as required by the Act. (Id.) Defendants filed their Answer on October 1, 2020. Thereafter, the parties reached a settlement agreement on any and all claims Plaintiff may have against Defendants in matter. Defendants deny liability to Plaintiff under the FLSA or under any other theory of liability.

## Law and Argument

In this Fair Labor Standards Act ("FLSA") action, the Plaintiff and Defendants jointly request that this Court enter an order approving the agreed-upon resolution reached between the parties to release and resolve all claims in this matter. As the Eleventh Circuit Court of Appeals explained in Lynn's Food Stores, Inc. v. United States, in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed resolution to the district court, which may enter a stipulated judgment after scrutinizing the terms of the resolution for fairness. 679 F.2d 1350, 1353 (11th Cir. 1982). As set forth below, the parties request that the Court review their agreed-upon resolution under the procedures set forth in Lynn's Food Stores and the FLSA.

In this case, the parties agree that the instant action involves disputed issues regarding whether Plaintiff was made to work hours and overtime for which she was not properly compensated. The parties exchanged relevant records and information necessary for the parties to evaluate the validity and breadth of Plaintiff's claims and Defendants' defenses. Thereafter, the parties reached a mutually agreed upon resolution that pays Plaintiff an amount in damages. Defendants also agreed to pay an additional amount in attorneys' fees and costs to settle Plaintiffs' claims. The parties request that this Court approve their agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represented the parties, and the terms of the parties' resolution reflects a fair and reasonable compromise over disputed issues in light of all of the relevant circumstances.

A United States District Court, when reviewing a proposed agreed-upon resolution of a FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355. Plaintiff has determined that this settlement is in her best interest as it eliminates potential risk at trial and further

expenditure of resources in litigation. Plaintiff's counsel has significant experience litigating individual and collective action lawsuits and believes that this agreement is fair and reasonable. Courts are permitted to give the opinion of a plaintiff's counsel substantial defense in approving settlement agreements. See Manners v. Am. Gen. Lift Ins. Co., 1999 WL 33581944, at *27 (M.D. Tenn. Aug. 11, 1999). The parties jointly represent to this Court that the agreement was negotiated in good faith over the course of numerous lengthy phone calls and represents a reasonable and fair compromise, and respectfully request that the Court approve the settlement. A copy of the parties' fully-executed Confidential Settlement Agreement is filed simultaneously herewith as Exhibit 1.

## CONCLUSION

Based on the foregoing, the parties jointly request that this Court grant the parties' Joint Motion for Court Order Approving Case Resolution.

Respectfully submitted,

/s J. Russ Bryant /JKS w/ permission
J. Russ Bryant (TN # 033830)
Robert E. Turner, IV (TN # 035364)
Gordon E. Jackson (TN # 008323)
Robert E. Morelli, III (TN # 037004)
Jackson, Shields, Yeiser, Holt,
Owen & Bryant
262 German Oak Drive
Memphis, Tennessee 38018
(901) 754-8001
rbryant@jsyc.com
rturner@jsyc.com
gjackson@jsyc.com

*Counsel for Plaintiff*

/s J.K. Simms
James K. Simms, IV (TN # 021688)
Thompson Burton, PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Phone: (615) 465-6005
jk@thompsonburton.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on this 6th day of November, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed below. Parties may access this filing through the Court's electronic filing system.

J. Russ Bryant
Robert Emmett Turner, IV
Gordon E. Jackson
Robert E. Morelli, III
Jackson, Shields, Yeiser, Holt,
Owen & Bryant
262 German Oak Drive
Memphis, Tennessee 38018
(901) 754-8001
rbryant@jsyc.com
rturner@jsyc.com
gjackson@jsyc.com

/s J.K. Simms
James K. Simms, IV

## FULL AND FINAL SETTLEMENT RELEASE AGREEMENT

This Full and Final Settlement Release and Agreement ("Agreement") is entered into on this ____ day of November, 2020, by and between named-Plaintiff, Evelyn Settles, ("Plaintiff") and Defendants, American Health Companies, Inc. and Harbor View Nursing and Rehabilitation Center, Inc. (collectively, "Defendants"). Throughout this Agreement, the Defendants and the Plaintiff may collectively be referred to as "the Parties."

1. **Settlement Payment and Release of Claims.** The undersigned Plaintiff in full and final consideration of the total gross sum of Fifteen Thousand and no/100th Dollars ($15,000.00) ("Settlement Payment"), the receipt and sufficiency of which is hereby acknowledged, does hereby and for her heirs, executors, administrators, successors and assigns, release, acquit and forever discharge the Defendants, and their parents, management companies, officers, directors, owners, insurers, subsidiaries, affiliates, successors, heirs, executors, administrators, assigns, servants, agents, employees, contractors, representatives, and every other person, partnership, corporation, association, organization or entity acting directly or indirectly in the interest of Defendants of and from any and all claims, demands, damages (compensatory or punitive), actions or causes of action, whether in tort or contract, at law or in equity, for intentional conduct, negligence, or in strict liability, including any claims for owed wages, salary, conditions, benefits, expenses, costs, attorney's fees, damages, compensation or remuneration which Plaintiff has against the Defendants arising out of or relating to Plaintiff's employment at Harbor View Nursing and Rehabilitation Center or the separation or any other change of status of such employment, or otherwise that occurred or are alleged to have occurred on or before the Effective Date of this Agreement, including but not limited to claims under the following statutes: the Fair Labor Standards Act ("FLSA") (including any and all claims for compensation, back pay, front pay, liquidated (double) damages, and punitive damages); the Age Discrimination in Employment Act ("ADEA"); the Older Workers Benefit Protection Act ("OWBPA"); Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. § 1981; the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101; the Tennessee Human Rights Act; the Tennessee Disability Act; the Americans with Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); the Employee Retirement Income Security Act ("ERISA"); the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); the Occupational Safety and Health Act ("OSHA"); the Equal Pay Act ("EPA"); the National Labor Relations Act; Tennessee Workers' Compensation Law; claims of retaliatory or constructive discharge; state and federal statutes and other local ordinances or common-law claims which otherwise relate to employment discrimination, retaliation, or payment of wages or other compensation or otherwise; and any and all other issues relating to or arising out of Plaintiff's employment at Harbor View Nursing and Rehabilitation Center and termination of such employment. This Agreement brings to an end any and all claims that Plaintiff brought or could have brought in state or federal court, including in Civil Action No. 2:20-cv-02635-TLP-tmp in the district court for the Western District of Tennessee at Memphis, styled: Evelyn Settles v. American Health Companies, Inc. and Harbor View Nursing and Rehabilitation Center, Inc., which Plaintiff agrees to voluntarily dismiss with prejudice.

2. **Characterization and Allocation of Settlement Payment.** The parties agree that the Settlement Payment is to be characterized and allocated as follows:

**EXHIBIT 1**

A. A check payable to Evelyn Settles in the amount of Seven Thousand and no/100th Dollars ($7,000.00) for compensatory and/or liquidated damages. The Company shall provide an IRS Form 1099 for this sum. This check shall be issued upon Court approval of this Settlement Agreement.

B. A check payable to Jackson, Shields, Yeiser, Holt, Owen & Bryant ("Plaintiff's Firm") in the amount of Eight Thousand and no/l00th Dollars ($8,000.00) for attorneys' fees and litigation costs. The Company shall provide an IRS Form 1099 for this sum. This check shall be issued upon Court approval of this Settlement Agreement.

All settlement checks will be sent to the law offices of Jackson, Shields, Yeiser, Holt, Owen & Bryant, 262 German Oak Drive, Memphis, Tennessee 38018.

Plaintiff hereby acknowledges that she is solely responsible for the payment of all tax liabilities imposed by the Internal Revenue Service or state taxing authority that are owed by her, including penalties, fines, interest, costs, expenses, and attorney's fees, associated with the settlement payment.

3.    **Claims.** Plaintiff represents, warrants and agrees that, other than the lawsuit described in Paragraph 1 of this Agreement, she has not filed any claims (as defined below), appeals, complaints, charges or lawsuits against the Defendants with any governmental or administrative agency or court.

**A. Definition.** The word "Claims," as used in this Agreement, includes all claims for monetary and non-monetary relief, including claims for economic, emotional, and punitive damages, attorney's fees and costs. The word "Claims" also includes all claims arising out of Plaintiff's employment with Harborview Nursing and Rehabilitation, including claims arising out of any contract or employment policy; tort claims such as defamation, intentional infliction of emotional distress, and negligence; any claims for wrongful discharge; owed wages; and claims under any federal, state, or local statute, regulation or ordinance. "Claims" excludes any pending workers' compensation claim filed by Plaintiff prior to the Effective Date of this Agreement.

**B. Plaintiff's Representations.** Plaintiff acknowledges that she is not owed anything else from Defendants other than what is provided for in this Agreement; that Plaintiff has been provided with all leave or other accommodations to which Plaintiff may have been entitled, if any; and that Plaintiff has not suffered any workplace illness or injury other than any illness or injury which Plaintiff has already advised Defendants in writing, if any. Plaintiff further acknowledges that she has no knowledge of any illegal or improper act, misrepresentation or omission, concealment of information or any other potentially improper act committed by Defendants or any officer, director or employee of Defendants or any of their related or affiliated entities or other ventures.

4.    **Covenant Not to Sue or Accept Relief.** Plaintiff hereby specifically covenants and agrees that she shall not initiate, or cause to be initiated, any action or cause of action against

2

**EXHIBIT 1**

Defendants in the future asserting any claims released under this Agreement. Plaintiff further waives the right to receive or accept any remedy, monetary or otherwise, obtained through the efforts of any organization, person or agency on behalf of Plaintiff or class action under which Plaintiff may have a right or benefit. Plaintiff agrees that she will not institute suit against Defendants except solely for the purpose of enforcing Plaintiff's rights under this Agreement. Except as prohibited by law, Plaintiff further agrees to indemnify the Defendants for any additional sums of money that they may be compelled to pay Plaintiff, Plaintiffs heirs, successors, administrators, or assigns, and any of Defendants' legal fees associated therewith, on account of Plaintiff bringing or allowing to be brought an action or cause of action on Plaintiffs behalf. The provisions of this Paragraph or any other paragraph in this Agreement shall not be construed to prevent Plaintiff from taking any action she is permitted to take and which Defendants cannot prohibit her from taking. However, Plaintiff expressly waives and disclaims any right to compensation or other benefit that may inure to her as a result of any charge with any state or federal agency and hereby expressly agrees to provide any such benefit or pay any such compensation directly to the Companies.

**5.     Review & Revocation.**

**A. Review.** Before executing this Agreement, Plaintiff may take twenty-one (21) days to consider this Agreement. Plaintiff acknowledges and agrees that her waiver of rights under this Agreement is knowing and voluntary and complies in full with all criteria of the regulations promulgated under the ADEA, the OWBPA, Title VII of the Civil Rights Act of 1964, and any and all federal, state and local laws, regulations, and orders. Defendants hereby advise Plaintiff in writing to consult with an attorney prior to executing this Agreement. In the event that Plaintiff executes this Agreement prior to the expiration of the twenty-one (21) day period, she acknowledges that her execution was knowing and voluntary and not induced in any way by the Defendants or any other person.

**B. Revocation.** For a period of seven (7) days following his execution of this Agreement, Plaintiff may revoke the Agreement (the "Revocation Period"). If Plaintiff wishes to revoke the Agreement, she must do so prior to the end of the Revocation Period by submitting a written revocation to Jonathan Cooper, Vice President of Human Resources at American Health Partners, at 201 Jordan Rd., Franklin, Tennessee 37067, or the revocation will not be effective. If Plaintiff timely revokes this Agreement, all provisions hereof will be null and void, including Section 1. If Plaintiff does not advise Mr. Cooper in writing that she revokes this Release during the Revocation Period, this Release shall be forever enforceable. The eighth (8th) day following Plaintiff's execution of this Agreement shall be the Effective Date of this Release. This Agreement is not effective or enforceable until the Revocation Period has expired.

**6.     Reemployment.** Plaintiff hereby agrees that she will not apply for or otherwise seek employment with Defendants or any of its affiliates or subsidiaries and agree that the Defendants have no obligation to employ, hire, or otherwise engage her in the future. If Plaintiff unknowingly applies for employment with Defendants or their parent, management company, or any of their affiliates or subsidiaries, then she agrees to withdraw such application upon notification of such.

3

**EXHIBIT 1**

7. **ADEA Release Requirements Satisfied.** Plaintiff understands that this Agreement must meet certain requirements to validly release any ADEA claims Plaintiff might have had, and Plaintiff represents and warrants that all such requirements have been satisfied. Defendants hereby advise Plaintiff that before signing this Agreement, she may take twenty-one (21) days to consider this Agreement. Plaintiff acknowledges that: (1) she took advantage of as much of this period to consider this Agreement as she wished before signing; (2) she carefully read this Agreement; (3) she fully understands it; (4) she entered into this Agreement knowingly and voluntarily (free from fraud, duress, coercion, or mistake of fact); (5) this Agreement is in writing and is understandable; (6) in this Agreement, she waives current ADEA claims; (7) she has not waived future ADEA claims; (8) she is receiving valuable consideration in exchange for execution of this Agreement that she would not otherwise be entitled to receive; and (9) Defendants hereby advise Employee in writing to discuss this Agreement with her attorney (at her own expense) prior to execution, and she has done so to the extent he deemed appropriate.

8. **No Admission of Liability.** It is expressly understood and agreed that the parties hereby released admit no liability to Plaintiff or to any person or entity, and expressly deny the same.

9. **Entire Agreement.** Plaintiff further declares and represents that no promise, inducement or agreement not herein contained has been made to her, that this Agreement contains the entire agreement between the Parties hereto, and that the terms of this Agreement are contractual in nature and not a mere recital.

10. **Notice Requirement and Tolling Agreement.** Plaintiff's Firm covenants that to the extent it receives any inquiries from current or former employees of Defendants with respect to potential wage and hour claims, Plaintiff's Firm shall notify counsel for Defendants of any such claims before instituting any legal proceeding. To the extent consistent with their legal and ethical obligations, the parties and their counsel will attempt to resolve any disputes informally.

In exchange for Plaintiff's Firm's agreement to withhold immediate filing of legal proceedings on behalf of any such current or former employees of Defendants and to allow time for Plaintiff's Firm and Defendants' counsel to attempt to resolve such claims, Defendants and their counsel agree to toll the running of the state of limitations as follows:

i) Plaintiff's Firm and Defendants' and their counsel agree that the statute of limitation will be tolled from the date Defendants receive notice under this section.

ii) This tolling agreement will not operate to toll the statute of limitation with respect to any legal proceedings by other present or former employees of Defendants who did not contact Plaintiff's Firm for the purposes of legal representation and who are not identified by name by Plaintiff's Firm.

Any notice required under this section shall be done in writing to counsel for Defendants: J.K. Simms, Thompson Burton, PLLC, 6100 Tower Circle, Suite 200, Franklin, Tennessee 37067, with a copy via email to jk@thompsonburton.com.

4

**EXHIBIT 1**

11. **Severability.** If any provision of this Agreement shall be held invalid or unenforceable, the remainder of this Agreement shall nevertheless remain in full force and effect. If any provision is held invalid or unenforceable with respect to particular circumstances, it shall nevertheless remain in full force and effect in all other circumstances.

12. **Applicable Law.** This Agreement shall be governed by, construed under, and interpreted and enforced in accordance with the laws of the State of Tennessee.

13. **Attorneys' Fees; Costs.** Each Party hereby agrees that it shall be responsible for any and all attorneys' fees and costs that each reasonably incurred in connection with this dispute, this settlement and Agreement, and the matters and documents referred to herein, such that the Plaintiff shall bear no responsibility for any attorneys' fees or costs incurred by the Defendants, and that the Defendants shall bear no responsibility for any attorneys' fees or costs incurred by the Plaintiffs. In the event of a breach by a Party of any provision of this Agreement, the other Party or Parties shall be entitled to recover from the breaching Party attorneys' fees and costs reasonably incurred as a result of such breach and to enforce the terms of this Agreement.

14. **Knowing and Voluntary Waiver.** Plaintiff hereby warrants, represents, and acknowledges that this Agreement is being executed with her full knowledge and understanding of the terms and conditions contained herein, and agrees to be legally bound by this Agreement. Plaintiff further warrants, represents, and acknowledges that she is represented by counsel, and that she is relying solely upon her own investigation and knowledge , and upon advice of legal counsel of her own selection, and not upon the legal advice of any other party, or her attorneys, in entering into this Agreement.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

**EXHIBIT 1**

**IN WITNESS WHEREOF**, the parties have executed this Settlement Release and Confidentiality Agreement as follows:


_____
EVELYN SETTLES
Date: _____


_____
AMERICAN HEALTH COMPANIES, INC. and HARBOR VIEW NURSING AND REHABILITATION CENTER, INC.
By: Jonathan Cooper
Its: Vice-President of Human Resources


_____
JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT
By: _____
Its: _____

**EXHIBIT 1**

**IN WITNESS WHEREOF**, the parties have executed this Settlement Release and Confidentiality Agreement as follows:

*Evelyn Settles* (signature)

EVELYN SETTLES
Date: 11-05-2020


AMERICAN HEALTH COMPANIES, INC. and HARBOR VIEW NURSING AND REHABILITATION CENTER, INC.
By: Jonathan Cooper
Its: Vice-President of Human Resources


JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT
By: Robert E. Turner, IV
Its: Representative

7

**EXHIBIT 1**